| | |
|---|---|
| ERIC LOPEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF MERCED, et al.,<br><br>                    Defendants. | No. 1:20-cv-00649-DAD-HBK<br><br><u>ORDER GRANTING DEFENDANT COUNTY OF MERCED'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM GOVERNMENT CLAIMS PRESENTATION REQUIREMENTS</u><br><br>(Doc. Nos. 18, 33) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the court on the motion to dismiss filed by defendant County of Merced ("Merced County") on July 29, 2020 (Doc. No. 18) and plaintiff's motion for relief from the presentation requirements of California Government Code § 945.4 filed on December 14, 2020 (Doc. No. 33). Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the two pending motions were taken under submission on the papers. (Doc. Nos. 22, 34.) For the reasons explained below, the court will grant defendant Merced County's motion to dismiss, with leave to amend, and deny plaintiff's motion for relief from the claim presentation requirements of California Government Code § 945.4.

/////

/////

1

**BACKGROUND**

This case arises from an incident of mistaken identity in which plaintiff "Eric Lopez" was mistaken for a different individual named "Eric Heriberto Lopez," for whom an arrest warrant had been issued in connection with suspected child molestation offenses committed in Merced County in 2007. (Doc. No. 13 at ¶¶ 10–13.) As a result of the mistaken identity, when plaintiff was arrested for his own alleged wrongdoing in Los Angeles County in 2019, he was denied release on bail due to the outstanding warrant for Eric Heriberto Lopez and remained imprisoned for nine days until the mistake was admitted. (*Id.*)

On May 7, 2020, plaintiff filed his original complaint in this civil rights action asserting two claims under 42 U.S.C. § 1983 and several state law claims against both of the two named defendants: City of Merced and Merced County.[1] (Doc. No. 1.) To substantiate his allegation that he had complied with the government claims presentation requirements under California law as to his state law claims against both defendants (*id.* at ¶ 7), plaintiff attached as exhibits to his original complaint a copy of the government claims form that he had submitted to defendant Merced County and a copy of defendant Merced County's notice of rejection of that claim. (*Id.* at 15–20.) However, plaintiff did not attach a copy of any government claims form submitted to defendant City of Merced.

On May 27, 2020, plaintiff filed a first amended complaint ("FAC") as a matter of right. (Doc. No. 5.) Plaintiff attached those same exhibits to his FAC but alleged his compliance with the presentation requirements under California law only as to defendant Merced County, not as to defendant City of Merced. (*Id.* at ¶ 7.) Accordingly, in his FAC, plaintiff continued to assert all of his claims against defendant Merced County but asserted only his federal claims (which are not subject to those state law presentation requirements) against defendant City of Merced. (*Id.* at 6, 8–11.) Thereafter, the parties filed a stipulation to allow plaintiff to file a second amended complaint, which the court granted. (Doc. Nos. 16, 17.)

---

[1] Plaintiff also named "Defendants DOES 1 through 50" in his original complaint but did not provide any allegations describing the identities or roles of these Doe defendants with respect to the asserted claims. (*See* Doc. No. 1 at ¶ 6.)

2

In his operative second amended complaint ("SAC"), plaintiff added the County of Los Angeles ("Los Angeles County") as a named defendant in this action. (Doc. No. 13.) In his SAC, plaintiff asserts two federal claims under § 1983 against all three defendants: (1) a claim of "false arrest" in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution; and (2) a *Monell* claim of municipal liability for those alleged constitutional violations.[2] (*Id.* at 6–7.) Plaintiff also asserts the following seven state law claims against only defendant Merced County: assault and battery; false arrest and imprisonment; negligent infliction of emotional distress; interference with his right to be free from violence in violation of the Ralph Act, California Civil Code § 51.7; interference with his exercise of civil rights in violation of the Bane Act, California Civil Code § 52.1; negligence; and negligent hiring, retention, training, supervision, and discipline. (*Id.* at 9–12.)

In his SAC, plaintiff alleges as follows. Following his arrest on July 25, 2019 in Los Angeles County for possession of a firearm, plaintiff "Eric Lopez" was falsely imprisoned in the custody of the Los Angeles County Sheriff's Department for nine days and was prevented from making bail to secure his release because there was an outstanding warrant from Merced County for "Eric Heriberto Lopez," a different Hispanic male who happened to share plaintiff's birth date. (*Id.* at ¶¶ 10–12.) This incident was not the first time that plaintiff had been mistaken for Eric Heriberto Lopez, a fugitive suspected of committing sex offenses in Merced County and for whom an arrest warrant had been issued back in 2007. (*Id.* at ¶¶ 10–11.)

In December 2007, upon re-entering the United States from Mexico, plaintiff was stopped and held pursuant to that arrest warrant for Eric Heriberto Lopez, despite the fact that plaintiff showed his California Driver's License and Social Security Card to prove his identity and prove that he does not have a middle name or initial, i.e. that he is not the individual named in the 2007 Merced County warrant. (*Id.* at ¶ 11.) Despite this, the warrant was subsequently executed against plaintiff. (*Id.*) He was booked and held for 21 days, after which he was brought to court

/////

---

[2] *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).

on January 18, 2008 and "was told that there had been a misunderstanding and that he was being released." (*Id.*)

Upon his arrest over a decade later in July 2019 for possessing a firearm, "[p]laintiff professed his innocence to both the arresting deputy, and later the booking officer," of the sex offenses allegedly committed by Eric Heriberto Lopez, explaining "that his name was not Eric Heriberto Lopez, that in 2008 the County of Merced had arrested him pursuant to the same warrant, and that plaintiff had already proven that this was a case of mistaken identity." (*Id.* at ¶ 10.) "[N]one of the deputies investigated the matter and the warrant was subsequently executed against plaintiff despite the mismatch in the name and fingerprints between plaintiff and the suspect Eric Heriberto Lopez," and "[d]espite the fact that a record existed regarding the prior false arrest and plaintiff's innocence." (*Id.* at ¶¶ 10, 12.)

According to plaintiff, he "would have been able to make bail on the possession of a firearm offense right after his arrest, but [he] could not do so due to the Merced hold." (*Id.* at ¶ 12.) Plaintiff points to the fact that when he was arrested earlier that year, on February 10, 2019, also in Los Angeles County and also for possession of a firearm, he had made bail and was released later that same day. (*Id.* at ¶ 9.)

On August 2, 2019, after being "falsely imprisoned" for a period of approximately nine days, plaintiff "was able to negotiate a way to be released and post bail" and was released with the condition that he wear an ankle monitor. (*Id.*) On August 19, 2019, a hearing was held and the deputy district attorney "admitted that the individual on the warrant was not plaintiff." (*Id.* at ¶ 12.) Thereafter, "[t]he warrant was recalled until the identification of the correct individual could be obtained, and the bail bond was ordered exonerated." (*Id.*)

As a result of defendants' negligence in failing to update his correct identity in their electronic system, plaintiff became the victim of mistaken identity for a second time. (*Id.* at ¶ 14.) Defendants did not "take any steps to determine if plaintiff was in fact the person that the warrant was issued for," and given that this mistaken identity happened to plaintiff already once before, defendants' policies for drafting, issuing, and executing arrest warrants are "lacking." (*Id.*) Plaintiff further alleges that "[t]his repeated practice and custom has caused plaintiff intense

emotional distress, insecurity about his future and his rights as a citizen, and extensive financial damages." (*Id.*)

As noted, plaintiff initiated this action on May 7, 2020. (Doc. No. 1.) Plaintiff filed his SAC on July 1, 2020. (Doc. No. 13.) Defendant City of Merced filed its answer to the SAC on July 29, 2020. (Doc. No. 21.) Defendant Los Angeles County filed its answer to the SAC on August 17, 2020. (Doc. No. 24.) Instead of answering the complaint, defendant Merced County filed the pending motion to dismiss on July 29, 2020. (Doc. No. 18.) On September 1, 2020, plaintiff filed an opposition to the pending motion to dismiss, and on September 8, 2020, defendant Merced County filed its reply thereto. (Doc. Nos. 27, 28.)

On December 14, 2020, plaintiff filed his pending motion for relief from the presentation requirements of California Government Code § 945.4, as provided by § 946.6, and also requests that the court grant him leave to file a third amended complaint to assert his state law claims against defendants City of Merced and Los Angeles County. (Doc. No. 33.) On February 2, 2021, defendants City of Merced and Los Angeles County filed their oppositions, in which they primarily argue that this federal court has no jurisdiction to grant the relief plaintiff has requested because § 946.6 explicitly vests such jurisdiction in the California state superior courts, not federal district courts. (Doc. Nos. 37, 38.) Apparently conceding that this federal court lacks jurisdiction to grant the relief he has requested, plaintiff did not file a reply to either opposition.

The court will address each of the pending motions in turn.

**DISCUSSION**

**A.     Defendant Merced County's Motion to Dismiss**

1.     <u>Legal Standard for Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1 Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

        2.      <u>Whether Plaintiff States a Cognizable Claim Against Defendant Merced County</u>

In moving to dismiss all of plaintiff's claims against it, defendant Merced County argues that plaintiff has essentially sued the wrong entity because it had no role in the events complained of in the SAC—that is, defendant Merced County did not draft, request, issue, execute, update, re-issue, or recall the arrest warrant. (Doc. Nos. 18; 18-1 at 6, 11–12.) Defendant Merced County contends that plaintiff fails to allege its involvement in the events alleged in his SAC. Moreover, it argues that plaintiff cannot cure this failure because judicially noticeable facts contained in court records and other matters of public record relating to the issuance of the arrest warrant for Eric Heriberto Lopez confirm that defendant Merced County (and the Merced County Sheriff's

6

Department in particular) had no involvement in the events precipitating this lawsuit. (Doc. No. 18-1 at 5–6.)

In that regard, defendant Merced County requests that this court take judicial notice of the Merced County Superior Court records relating to the issuance of the arrest warrant for Eric Heriberto Lopez, including: (i) the criminal complaint filed by the District Attorney; (ii) the arrest warrant issued by a superior court judge based on that criminal complaint; and (iii) the electronic warrant process documents. (Doc. Nos. 19, 20.) Defendant Merced County also requests that judicial notice be taken of certain public employment records from a California public employee online database, which show that the two individuals whose names appear next to "created" and "updated" in the electronic warrant process documents dated 2019 are employees of the Merced County Superior Court. (*Id.*) Plaintiff does not object to defendant Merced County's request for judicial notice. Accordingly, the court grants defendant Merced County's request and takes judicial notice of the court records (Doc. No. 19-1), electronic warrant process documents (Doc. No. 19-2), and the public employment records (Doc. No. 19-3).[3]

Based on these records, defendant Merced County notes that the Merced County Sheriff's Department did not request that the superior court judge issue the arrest warrant for Eric Heriberto Lopez; rather, an arrest warrant was requested by the district attorney who filed a criminal complaint against Eric Heriberto Lopez, and based thereon, a judge of the Merced County Superior Court authorized the warrant to be issued. (*Id.* at 7–8; *see also* Doc. No. 19-1 at

---

[3] Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Documents that constitute "matters of public record" may be judicially noticed. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). A federal court may also take judicial notice of documents filed in related state court actions. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings in other courts where those proceedings have a "direct relation to matters at issue").

4, 6.) Defendant Merced County also emphasizes that the district attorney's office filed that criminal complaint based upon an investigation conducted by the City of Merced Police Department—not the Merced County Sheriff's Department. (Doc. No. 18-1 at 5, 12–13.) Additionally, the superior court's minute order documenting the hearing held on August 19, 2019, in which the superior court ordered "the bail bond to be exonerated and the warrant recalled until the identification of the correct defendant can be obtained," lists only the "Merced Police Department." (*Id.* at 14.) Further, in the superior court's minute order documenting the hearing held on September 23, 2019, in which the court stated that it would "not reissue a warrant on this matter until the District Attorney's Office can provide the Court with additional identifying information so the wrong person is not unlawfully arrested again," once again the only agency listed is the "Merced Police Department." (Doc. No. 19-1 at 16.) Likewise, in the electronic warrant process documents, the only agency listed is the "Merced Police Department," and there is a note in that record stating "if arrested please contact Keith Pelowski at Merced Police Department." (Doc. No. 19-2 at 2–5.) As counsel for defendant Merced County points out, the electronic warrant process documents also show that those records were updated in 2019 by two superior court employees. (*Id.*; Doc. No. 28 at 5.) Finally, the electronic warrant records also show that in response to plaintiff's arrest in Los Angeles County, it was the City of Merced Police Department that responded, noting "please remove hold for this subject on your booking . . . subject does not match our suspect. Please call Belinda if you have any questions at [Merced Police Department phone number]." (Doc. Nos. 19-2 at 4; 28 at 6.)

In short, defendant Merced County argues that plaintiff cannot state a cognizable claim against it because these judicially noticeable records "reveal that the County of Merced was not the agency that input the initial warrant information, was not the agency to contact regarding the warrant, and was not the agency that made any corrections relating to the warrant." (Doc. No. 28 at 10.) Defendant Merced County maintains that dismissal of plaintiff's claims is required because plaintiff has alleged no basis upon which defendant Merced County can be held liable for the actions or inactions taken by defendants City of Merced or Los Angeles County—distinct public entities over whom defendant Merced County has no authority, supervision, or control.

(*Id.* at 4, 10; Doc. No. 18-1 at 13.) Similarly, defendant Merced County asserts that it cannot be held liable for the conduct of superior court judges or court personnel in issuing arrest warrants or for the conduct of district attorneys in performing their prosecutorial functions for which they act on behalf of the state, not the county. (Doc. No. 18-1 at 6, 8.) Defendant Merced County further argues that even if the superior court judges and the district attorney were employees of the county, they would nevertheless be afforded absolute immunity for actions taken in their official capacity as judges and prosecutors. (*Id.* at 6.)

In opposing the pending motion to dismiss, plaintiff does not address defendant Merced County's arguments with regard to its assertion that the judges, court personnel, and district attorneys are not employees of Merced County. Rather, plaintiff presents new alleged facts that were not included in his SAC and that he contends show, if proven, that defendant Merced County can be held liable in this action. (Doc. No. 27.) However, even in those newly proffered allegations, plaintiff merely claims that "Merced County" took or failed to take various actions, but does not distinguish or specify which actors/entities to which he is referring. For example, plaintiff proffers the following allegations in an attempt to allege that defendant Merced County's "actions and omissions increased the risk to plaintiff of another false imprisonment": (i) "Merced County had photos and video of the warrant suspect [Eric Heriberto Lopez] but never attached them to its 2007 warrant;" (ii) plaintiff's photo was taken by Imperial County when he was arrested and booked in Imperial County jail upon reentering the United States in December 2007; (iii) that booking photo was sent to Merced County by Imperial County and/or Los Angeles County, and "Merced County and/or its personnel caused plaintiff's 2007 booking photo, instead of the true suspect's [photo], to be attached to a re-issued warrant;" and (iv) "Merced County also failed to include further identifiers about plaintiff in the electronic warrant systems." (*Id.* at 5.) Plaintiff asserts that if permitted to do so he would allege in a third amended complaint that "both the City of Merced Police [Department] and Merced County Sheriff's Department acquired plaintiff's 2007 booking photo and caused and/or approved its attachment to a re-issued warrant from Merced County." (*Id.* at 8.)

/////

9

In reply, defendant Merced County argues that plaintiff has no factual basis upon which to allege that the Merced County Sheriff's Department acquired the 2007 booking photo or caused that photo to be attached to a re-issued warrant—a warrant that it had no role in requesting, executing, updating, or recalling, as evidenced by the judicially noticed records that Merced County contends plaintiff has chosen to ignore. (Doc. No. 28.) Defendant Merced County reiterates that the superior courts are not under its authority; the superior courts (judges and personnel alike) are a separate entity from the county and defendant Merced County cannot be held liable for what that court did or failed to do with the 2007 booking photo of plaintiff. (*Id.* at 4.) Similarly, Merced County reiterates that it cannot be held liable for what the City of Merced and the City of Merced Police Department did or failed to do with that photo. (*Id.* at 4.)

Ultimately, it appears that plaintiff is attempting to hold defendant Merced County liable for the conduct of other distinct entities—the superior court judges and staff, the district attorney, the City of Merced and its police department, and Los Angeles County and its sheriff's department. Plaintiff's allegations of conduct engaged in by those other entities alone are clearly insufficient to state a cognizable claim against defendant Merced County.

It is correct that the superior courts are distinct entities and their conduct is not attributable to the county in which they sit. In this regard, superior courts are "indisputably state agencies." *Torres v. Jud. Council of Cal.*, No. 17-cv-0028-JM-JLB, 2017 WL 1281914, at *3 (S.D. Cal. Apr. 6, 2017) (finding that plaintiff had failed "to allege any role by [the] County in disseminating Minute Orders issued by the Superior Court, an entity distinct from [the] County") (citing *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (noting that "[a]lthough the County does pay most of the Superior Court's bills, state case law and constitutional provisions make clear that the Court is a State agency")). In addition, superior court judges are state actors, not county actors. *Greater L.A. Council on Deafness*, 812 F.2d at 1110 ("Judges are appointed by California's governor, and their salaries are established and paid by the State."); *Alexis v. County of Los Angeles*, 698 F. App'x 345, 346 (9th Cir. 2017)[4]

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

(affirming the district court's dismissal of "claims alleging that the County of Los Angeles is liable because it is 'represented' by the Judges, as the California Superior Court and its judges are State actors, not County actors"). Thus, to the extent that plaintiff is seeking to hold defendant Merced County liable for the alleged actions of the superior court judges and personnel, such allegations are plainly insufficient to state a cognizable claim against defendant Merced County.

Similarly, to the extent plaintiff is seeking to hold defendant Merced County liable for the alleged actions or inactions of the district attorney, specifically with respect to the district attorney's performing prosecutorial functions in requesting the issuance of the arrest warrant for Eric Heriberto Lopez and providing the superior court with updated information as to the suspect's identity for the re-issuance of that warrant, those allegations also fail to state a cognizable claim against defendant Merced County. *See Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008) (noting that California district attorneys serve both state and county functions, but when they act in their prosecutorial capacity, they are state officials and possess Eleventh Amendment immunity); *Parker v. Dist. Attorney's Off. of Sacramento Cal.*, No. 2:16-cv-2140-TLN-AC, 2016 WL 6441704, at *2 (E.D. Cal. Nov. 1, 2016) ("The District Attorney's Office, and the District Attorney herself, when making decisions about criminal prosecutions, are acting in their roles as state officials, and accordingly possess sovereign immunity from suit.").

Notably, plaintiff does not address or confront the facts contained in the judicially noticed records, particularly with regard to the role that the City of Merced Police Department played as the original investigating agency, the agency listed in the superior court minute orders, the agency whose contact information was included in the electronic warrant records, and the agency which ultimately notified Los Angeles County that plaintiff was not the suspect identified in the outstanding arrest warrant. Instead, in his opposition brief, plaintiff describes much of the City of Merced Police Department's conduct as though those actions were actually taken by "Merced County." (Doc. No. 27 at 7–9.) For example, the electronic warrant documents reflect that the City of Merced Police Department notified Los Angeles County that plaintiff was not the suspect and requested removal of the hold on plaintiff's release. Nonetheless, plaintiff states in his brief in opposition to the pending motion that "[o]n or about the 9th day in custody it appears that

11

personnel from Merced County finally notified law enforcement in Los Angeles County that plaintiff was not the correct suspect under the Merced County warrant." (*Id.* at 9.) This allegation was not included in the SAC, and in any event, such an allegation is directly refuted by the judicially noticed records, which plaintiff had an opportunity to review well before filing his opposition to the pending motion because defendant Merced County provided plaintiff with copies of the records during the meet and confer preceding the filing of its pending motion to dismiss. (Doc. No. 19 at ¶ 6.)

Since plaintiff's SAC does not include any allegations of conduct or actions taken by Merced County, Merced County's employees, or the Merced County Sheriff's Department, the court concludes that plaintiff has failed to state any cognizable claim against defendant Merced County. Accordingly, the court will grant defendant Merced County's motion to dismiss. The remaining question is whether plaintiff's request for leave to file a third amended complaint should be granted.

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave when justice so requires" and that rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Defendant Merced County contends that plaintiff's claims against it should be dismissed without leave to amend because granting such leave would be futile given the judicially noticed records and the insufficiency of the allegations that plaintiff has proffered in his opposition brief to state a cognizable claim against it. Defendant makes a persuasive argument, particularly in regard to the Eleventh Amendment immunity precluding § 1983 suits for damages against state agencies and actors in their official capacities—here, the superior court, the superior court judges and personnel, and the district attorney. *See Alexis*, 698 F. App'x at 346; *Parker*, 2016 WL 6441704, at *2 (noting that "the District Attorney is entitled to absolute prosecutorial immunity when acting within the scope of her duties as a prosecutor"). In addition, given plaintiff's

12

generic use of "Merced County" in his description of the additional facts that he would allege in a further amended complaint, plaintiff appears to conflate the actions by these state actors and the City of Merced Police Department as actions or omissions by defendant Merced County and its employees.

While the court is skeptical that plaintiff will be able to allege conduct or omissions by Merced County and its employees sufficient to state a cognizable claim against Merced County, the court will nevertheless, out of an abundance of caution, grant plaintiff leave to file a third amended complaint. Plaintiff has described in conclusory fashion some involvement by the Merced County Sheriff's Department in his opposition brief, so it is still at least conceivable that he might be able to allege facts sufficiently state a cognizable claim against defendant Merced County based upon actions or inactions by the Merced County Sheriff's Department. However, plaintiff is cautioned that in any third amended complaint he may elect to file, references to "Defendants" without specifying which defendant he is referring to, and attributions of conduct by other distinct entities to "Merced County" or to the Merced County Sheriff's Department—without any factual basis to support those allegations—will be found insufficient to state a cognizable claim against defendant Merced County. In this regard, counsel is reminded of the obligations under Rule 11 of the Federal Rules of Civil Procedure, and in particular, Rule 11(b)'s provision that by presenting the court with a pleading, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law . . . ." Fed. R. Civ. P. 11(b). As to any amended complaint plaintiff may elect to file, plaintiff is reminded that conclusory allegations of wrongdoing and formulaic recitation of elements are insufficient to state a cognizable claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 676. Finally, the undersigned emphasizes that if plaintiff elects to file a third amended complaint to attempt to cure the noted deficiencies in his claim against defendant Merced County, this will be his final opportunity to do so.

/////

/////

13

**B. Plaintiff's Motion for Relief under Cal. Gov't Code § 946.6**

In his pending motion for relief from the presentation requirements of California Government Code § 945.4, as provided by § 946.6, plaintiff argues that "[d]ue to mistake, inadvertence, surprise and/or excusable neglect, a claim was not presented before the County of Los Angeles and the City of Merced within the 6 month period provided by Government Code § 911.2(a)." (Doc. No. 33 at 7.) However, as both defendants City of Merced and Los Angeles County point out in their oppositions to plaintiff's motion, this federal court does not have jurisdiction to grant plaintiff relief from the presentation requirements under California law. (Doc. Nos. 37, 38.) As noted, plaintiff did not file a reply to either defendant's opposition, apparently conceding that this federal court lacks jurisdiction to grant the relief he has requested.

Section 946.6 provides as follows:

> If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a *superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates.

Cal. Gov't Code § 946.6 (emphasis added).

Indeed, the vast majority of district courts in this state have interpreted § 946.6 as vesting the California superior courts, not federal courts, with the sole jurisdiction over petitions for relief from the requirements of § 945.4. *See Garza v. Alvara*, No. 1:15-cv-00234-DAD-SKO, 2016 WL 4921542, at *9 (E.D. Cal. July 8, 2016), *report and recommendation adopted*, 2016 WL 4899676 (E.D. Cal. Sept. 14, 2016) (dismissing a § 946.6 petition for lack of jurisdiction); *Guerrero v. County of Alameda*, No. 18-cv-02379-WHA, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018) (dismissing state claims brought against defendants and noting that "[f]ederal district courts do not have the authority to grant the relief requested in plaintiff's motion, [and] instead plaintiff needs to file the petition in a California Superior Court"); *Raghukultilak v. California Dep't of Corr. & Rehab.*, No. 2:19-cv-00455-TLN-DMC, 2020 WL 6784549, at *2 (E.D. Cal. Nov. 18, 2020) ("Because the plain language of § 946.6 as amended explicitly vests jurisdiction only with

/////

state superior courts, the Court agrees with the majority of courts in this circuit that it lacks jurisdiction to grant Plaintiff's requested relief.").

Accordingly, the court will deny plaintiff's motion for relief from the presentation requirements of California Government Code § 945.4. Because plaintiff has not complied with the claim presentation requirements of § 945.4, the court will also deny plaintiff's request for leave to amend his complaint to assert his state law claims against defendants City of Merced and Los Angeles County. Thus unless or until amended, this case now proceeds on plaintiff's SAC against defendants City of Merced and Los Angeles County only on plaintiff's two federal § 1983 claims.

**CONCLUSION**

For all of the reasons set forth above:

1. Defendant County of Merced's motion to dismiss (Doc. No. 18) is granted, with leave to amend;

2. Plaintiff's motion for relief from the presentation requirements of California Government Code § 945.4 (Doc. No. 33) is denied because this court lacks jurisdiction to grant the requested relief;

3. Any third amended complaint that plaintiff may elect to file in this action, consistent with the leave to amend granted by the court in this order, shall be filed within twenty-one (21) days after the issuance of this order;[5]

4. In the event no third amended complaint is filed by plaintiff, this case will proceed only on plaintiff's federal claims against defendants City of Merced and County of Los Angeles as alleged in the operative second amended complaint, which defendants City of Merced and County of Los Angeles have already answered;

/////

---

[5] If plaintiff elects to file a third amended complaint, he is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any third amended complaint, each claim must be sufficiently alleged.

5. Because the court has granted plaintiff's request for leave to amend his complaint to allege claims against defendant Merced County, the court will not direct the Clerk of Court to terminate Merced County as a defendant in this action at this time; and

6. The Clerk of the Court is directed to correct the docket by deleting the word "County" from the name of defendant "City of Merced," which erroneously states "City of Merced County."

IT IS SO ORDERED.

Dated: **July 1, 2021**

_____
UNITED STATES DISTRICT JUDGE